UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: DMCA SUBPOENA
REQUEST OF ERICH LAMAS

**OPINION & ORDER**

26-MC-00292 (ER)

RAMOS, D.J.:

Erich Lamas, appearing *pro se*, initiated this matter, styled as a miscellaneous action. Doc 1. Mr. Lamas also filed a request to proceed *in forma pauperis*, Doc 5, which was granted, Doc 7.

The District Clerks' Manual, published by the Administrative Office of the United States Courts, "sets forth the nationwide guidelines for prescribed uses of the miscellaneous docket." *Jimenez*, No. 26-MC-16 (JPO), 2026 WL 962592, at *1 (S.D.N.Y. Apr. 9, 2026) (citing *In re Varholy*, No. 3:23-MC-00004 (MEG), 2023 WL 4236044, at *1 (D. Conn. June 28, 2023)). The Manual lists the limited matters where assignment of a miscellaneous case number is proper, including matters where the plaintiff seeks:

> foreign subpoenas, registration of judgment from another district, motion to quash deposition subpoena, motion for protective order, administrative deposition subpoena, application to perpetuate testimony, receiverships, letters rogatory from other districts, warrant for arrest of juror, pen registers, wire interceptions, video interceptions, grand jury matters, internal revenue service third party record keeper actions, and proceedings against sureties.

District Clerks' Manual § 4.03.(a)(1)(ii)-(xvi)).

In addition, a miscellaneous case can be an ancillary proceeding that is "directly or indirectly related to civil or criminal cases pending within the district or another

district." *Id.* § 4.03(a)(1). However, "[f]oreign subpoenas are deposition subpoenas issued to individuals requiring them to appear at a determinate location and be deposed *for a case not originally filed in the district* where the individual is to be deposed." *Id.* § 4.03(a)(1)(ii) (emphasis added).

Although Mr. Lamas purports to have initiated a miscellaneous case, captioned in the style of an *in rem* proceeding, the documents initiating this case assert civil causes of action under 17 U.S.C. §§ 501 and 512, name "Meta Platforms" as a defendant but do not indicate service, and list "SVCV Group Inc." as a plaintiff. Doc 1 at 1, 17–18. Further, the documents petition for a foreign subpoena but list no underlying case.

The relief that Mr. Lamas seeks demonstrates that this action is not one of the limited matters where use of the miscellaneous docket is proper. Because this case cannot proceed under the miscellaneous docket, the Court dismisses this action without prejudice.

The dismissal of this matter without prejudice does not prevent Mr. Lamas from commencing a new civil action. The Court notes, however, that Rule 11 of the Federal Rules of Civil Procedure requires all parties, including litigants proceeding *pro se*, to make a reasonable inquiry that the legal contentions are warranted and to certify that the pleading is not presented for harassment or an improper purpose.

## CONCLUSION

This action is DISMISSED without prejudice on the ground that it is not a proper miscellaneous case.

It is SO ORDERED.

Dated:   June 15, 2026
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

2